IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES WESTBROOK,                    :     CIVIL ACTION
                                    :     NO. 10-6529
            Petitioner,             :
                                    :
      v.                            :
                                    :
WARDEN JOHN KERESTE,                :
                                    :
            Respondent.             :

**O R D E R**

**AND NOW**, this **30th** day of **November, 2011,** upon consideration of the Report and Recommendation of U.S. Magistrate Judge Hey and Petitioner's objections thereto, it is hereby **ORDERED** as follows:

(1) The Report and Recommendation (ECF No. 13) is **APPROVED** and **ADOPTED;**[1]

(2) Petitioner's Objections to the Report and

---

[1]     Magistrate Judge Hey correctly determined that Petitioner's Application for a Writ of Habeas Corpus was untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for habeas petitions filed by persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). Here, that period ran from February 22, 2006, and tolled from February 22, 2007, to September 9, 2010, while Petitioner's Pennsylvania Post Conviction Relief Act appeal ("PCRA Petition") was pending. Petitioner had until about September 10, 2010, to file his Petition. The Petition, filed on November 10, 2010, was, therefore, untimely.

Recommendation (ECF No. 15) are **OVERRULED**;[2]

_____

[2]          Petitioner objects to the Report and Recommendation as follows:

> Petitioner, also demonstrate in his brief where he could not be time barred, for the error that the Commonwealth, made by with holding the court's decision made by the Pennsylvania court of appeal which were sent to petitioner late, petitioner as no lawyer and is very uneducated petitioner tried several times to get in touch with his attorney, Mr. Evarts, to pursue all of his appeal, even having attorney John P, Cotter to contact him three times but. Mr. Evart failed to get in touch with him also petitioner raised the fact that his sentence of 15 to 30 year's is illegal, which is unwaveable under habeas corpus petitioner for this reason petitioner ask that his petition be granted in this court.

Objection 1-2, May 10, 2011, ECF No. 15.

          First, Petitioner merely restates the argument made in his Reply and addressed in the Report and Recommendation that he is entitled to tolling because the Pennsylvania Superior Court allegedly sent him notice of its decision late. Magistrate Judge Hey correctly found that Petitioner is not entitled to equitable tolling on this ground.

          In reply to the Government's Response, Petitioner stated that he did not receive notice of the Pennsylvania Superior Court's January 23, 2006, order affirming his sentence until March 30, 2006. Reply 2, Mar. 29, 2011, ECF No. 12. From this, Magistrate Judge Hey inferred that Petitioner believed the limitations period ran from March 30, 2006, which would have provided an additional thirty-six days after denial of his PCRA Petition became final on September 9, 2010. However, even with the additional thirty-six days, the limitations period would expire on October 15, 2010, making the Habeas Petition, filed on November 10, 2010, late. Magistrate Judge Hey, therefore, correctly concluded that the Petition was still untimely.

          Furthermore, Petitioner has provided no evidence of record that he received notice by letter of the Superior Court's

decision on March 30, 2006. Indeed, the Court must presume, absent clear evidence to the contrary, that the Prothonotary mailed copies of the Superior Court's order to the parties on the day the order was entered in accordance with Pennsylvania Rule of Appellate Procedure 2521(a). See, e.g., United States v. Chem. Found., Inc., 272 U.S. 1, 14-15 (1926) ("[I]n the absence of clear evidence to the contrary, courts presume that [public officers] have properly discharged their official duties.").

Second, Petitioner's new argument that he was unable to contact his attorney relates to the PCRA Petition he improperly filed while his direct appeal was still pending. Indeed, on April 5, 2005, while his direct appeal was pending, Petitioner filed a PCRA Petition and was appointed counsel on October 21, 2005. Counsel learned of the pending direct appeal and withdrew the PCRA Petition without prejudice. Letter from John P. Cotter to Eugene E. Maier, J. (Nov. 8, 2005).

Petitioner now provides a letter from John P. Cotter, Esq., dated November 17, 2005, who was appointed by Judge Maier to represent Petitioner in his PCRA case. Objection 3. Counselor Cotter explained to Petitioner that his PCRA Petition was dismissed because his direct appeal was pending in the Pennsylvania Superior Court, that Petitioner could file a new pro se PCRA petition one year from the date that his appeal is denied and new counsel would be appointed, that a letter he wrote to Mr. Evarts was returned to him marked addressee unknown, and that he will close his file in Petitioner's case. Id.

The exchange to which Petitioner refers has nothing to do with the finality of Petitioner's direct appeal or his second, properly filed, PCRA Petition, which tolled the statute of limitations. In fact, the exchange relates to an improperly filed PCRA Petition that was dismissed by recommendation of Petitioner's court-appointed counsel. Petitioner has failed to show he was subject to an extraordinary circumstance that prevented him from filing a timely petition or that he pursued his claims with reasonable diligence.

Third, Petitioner attached to his Petition a copy of a letter from the Office of the Prothonotary of the Pennsylvania Supreme Court dated October 13, 2010, which advises Petitioner

that a letter dated September 9, 2010, from the Prothonotary contained an incorrect order and that the correct order (denying Petitioner's allowance of appeal) is attached. Letter from Prothonotary to Westbrook (Oct. 13, 2010). The letter is marked, presumably by Petitioner, as received on October 15, 2010. Petitioner has not argued that, and Magistrate Judge Hey did not address whether, Petitioner is entitled to equitable tolling based on any delay the Prothonotary's clerical error might have caused, but the Court will consider this ground for the sake of completeness.

Nevertheless, this ground also lacks merit. First, AEDPA's limitations period runs from the date "the judgment became final" not the date Petitioner received notice. See 28 U.S.C. § 2244(d)(1)(A).

Furthermore, the brief delay created by the Prothonotary cannot be said to be an extraordinary circumstance for equitable tolling when Petitioner only had, at most, one day after the Pennsylvania Supreme Court's decision to file his Habeas Petition. The Court is not aware of any precedential decision on this issue, although other circuits have determined that a significant state-created delay in notifying a prisoner of state court action may amount to an extraordinary circumstance. See, e.g., Earl v. Fabian, 556 F.3d 717, 723-24 (8th Cir. 2009). In Cooper v. Price, 82 F. App'x 258 (3d Cir. 2003), a state prisoner sought equitable tolling after a legal intern for the Administrative Office of Pennsylvania Courts erroneously informed the prisoner that his state petition was still pending when the state court actually denied the petition over one year earlier. The Third Circuit affirmed the district court's denial of equitable tolling on this ground, in part, because the prisoner waited another eight months after receiving notice to file his habeas petition. Cooper, 82 F. App'x at 260-62. Here, Petitioner waited nearly one month after receiving the Prothonotary's letter to file his Habeas Petition, making his filing untimely even after the Prothonotary's delay.

Finally, Petitioner has not shown that he pursued his habeas claims with reasonable diligence before or after any alleged delay. In fact, Petitioner filed his Habeas Petition over fifty-six months after his conviction became final and did nothing to preserve his right to file a habeas petition in federal court. All of Petitioner's objections, therefore, are

(3) The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE;** and

---

overruled.

(4) There is no probable cause to issue a Certificate of Appealability.[3]

**AND IT IS SO ORDERED.**


                           s/Eduardo C. Robreno
                           **EDUARDO C. ROBRENO, J.**


-----------------------

[3]     Upon entering a final order adverse to Petitioner, the Court must issue or deny a certificate of appealability ("COA"). See R. Governing § 2254 Cases 11(a). The Court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The U.S. Supreme Court has provided the following guidance for the issue at hand:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, Petitioner's Petition is subject to a plain procedural bar and the Court is correct to dispose of the case as untimely. There is no legal or factual issue that could be resolved by further review. Therefore, the Court will not issue a COA.

6